UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTEO FLORES,

                Plaintiff,                                       Hon. Wendell A. Miles

v.                                                 Case No. 1:07-CV-74

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

        This matter is before the Court on <u>Defendant's Motion to Dismiss</u>.  (Dkt. #5). Specifically, Defendant asserts that Plaintiff's complaint must be dismissed on the ground that it was not timely filed.  Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal, the undersigned recommends that Defendant's motion be **denied**.

        Pursuant to 42 U.S.C. § 405(g), appeals such as this must be filed in the district court within 60 days of the Commissioner's final decision.  This requirement is not jurisdictional in nature, but instead operates as a statute of limitations which "must be strictly construed."  *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986).  As discussed below, while Plaintiff's action was filed after the expiration of the relevant 60 day period, the Court finds that tolling of the limitations period is appropriate in this instance.

Plaintiff filed for disability benefits on June 18, 2003.  (Dkt. #6, Exhibit 1).  His application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  On November 29, 2005, Plaintiff appeared before ALJ B. Lloyd Blair.  In a decision dated May 26, 2006, ALJ Blair determined that Plaintiff was not disabled.  *Id.*  Plaintiff appealed this determination to the Appeals Council.  (Dkt. #6, Exhibit 2).  In a decision dated November 1, 2006, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  This decision instructed Plaintiff that if he wished to seek judicial review of the Commissioner's determination, he must do so within 60 days.  Plaintiff was further informed that

> The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.*

Accordingly, the 60 day period began to run on November 7, 2006, and expired on January 8, 2007.  Plaintiff initiated the present action on January 25, 2007.  (Dkt. #1).  Thus, Plaintiff's action is untimely.  However, the relevant statute of limitations is subject to equitable tolling in certain circumstances.  When determining whether the limitations period should be equitably tolled, the Court must consider the following factors: (1) Plaintiff's actual notice of the filing requirement; (2) Plaintiff's constructive knowledge of the filing requirement; (3) Plaintiff's diligence in pursuing his rights; (4) whether Defendant has suffered prejudice as a result of the delay; and (5) Plaintiff's reasonableness in remaining ignorant of the legal requirement to timely file his

claim.  *See Cook v. Commissioner*, 480 F.3d 432, 437 (6th Cir. 2007) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Plaintiff's present counsel asserts that while Plaintiff was represented by counsel before the ALJ, his attorney retired from practice before the Appeals Council issued its decision upholding the ALJ's determination.  Thus, Plaintiff was apparently without legal representation during the 60-day filing period.  According to counsel, Plaintiff has participated in intelligence testing the results of which place Plaintiff's overall level of functioning in the second percentile.  Counsel has also submitted a letter from one of Plaintiff's care providers which indicates that Plaintiff has been diagnosed with "possible paranoid schizophrenia."  There is no evidence that Defendant has been prejudiced in this matter.  Moreover, Plaintiff's present counsel filed the present action very quickly after initially meeting with Plaintiff.  Considering the present circumstances, as well as the remedial nature of the Social Security Act, the Court recommends that Plaintiff is entitled to equitable tolling in this matter and that his complaint be deemed to have been timely filed.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the present action should be deemed to have been timely filed.  Accordingly, it is recommended that Defendant's motion to dismiss be **denied**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure

to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  June 6, 2007                                   /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge

4