UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTEO FLORES, | Case No. 1:07-cv-74 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**ORDER**

**Adopting the R&R without Objection;
Reversing the Commissioner's Decision;
Remanding for Payment of DIB and SSI Benefits;
Terminating the Case**

Pursuant to 28 U.S.C. § 636 and this court's Local Civil Rules, this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties

to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

Clerk's Office docket records indicate that the R&R was issued on Thursday, August 7, 2008.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Friday, August 8, 2008.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday, August 9 and Sunday, August 10. The second through sixth days ran from Monday, August 11 through Friday, August 15. The court then excludes Saturday, August 16 and Sunday, August 17. The seventh through tenth days ran from Monday, August 18 through Thursday, August 21.

Thus, the period for filing objections expired at midnight on Thursday, August 21, 2008. The Commissioner did not file objections by that date, nor did he seek an extension of time in which to do so.

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or

2

recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.

\* \* \*

Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2] For the reasons

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, \*1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

[2] Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

explained by the R&R, Flores presented compelling evidence that his severe impairments – progressing and still-untreated chronic hepatitis C, affective disorder, degenerative disk disease of the neck, and mental retardation as evinced by an uncontested full-scale IQ score of 58 – rendered him disabled between his alleged disability onset date (June 10, 2003) and his date last insured (March 31, 2005).

## ORDER

Accordingly, having reviewed the parties' briefs and the R&R, the court **ADOPTS** the R&R without objection.

The Commissioner's decision is **REVERSED**.

The matter is **REMANDED** to the Commissioner for payment of Disability Insurance Benefits and Supplemental Security Income benefits.

This case is **TERMINATED.**

---

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

*See also Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[3]

**IT IS SO ORDERED this 22nd day of August 2008.**

                /s/ Paul L. Maloney
                Paul L. Maloney
                Chief United States District Judge

---

[3] *See, e.g., Schrader v. SSA*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).